UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. KOORSEN, JR., *et al.* | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) No. 1:17-cv-00440-TWP-MPB |
| TARTER REALITY & APPRAISALS, *et al.* | )<br>)<br>) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Teresa Koorsen as Plaintiff, and Directing Plaintiff to Show Cause**

**I.**

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** Notwithstanding this ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

First, Teresa Koorsen did not sign the complaint and her husband cannot represent her in district court because he is not an attorney. Accordingly, any claim purportedly brought on behalf

of Teresa Koorsen is **dismissed for failure to state a claim upon which relief can be granted.** The clerk shall **update the docket** to reflect that James Koorsen is the only plaintiff.

Second, it appears that the Court lacks subject matter jurisdiction over the plaintiff's claims. The plaintiff names as defendants 1) Tarter Reality & Appraisals; 2) Brody Tarter; 3) Matthew Tarter. He alleges that the defendants defrauded him and his wife and breached their consignment contract. All parties are residents of Indiana.

Federal district courts such as this are "courts of limited jurisdiction." *Healy v. Metropolitan Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). They have original "federal question" jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "diversity" jurisdiction of all civil actions which meet two requirements: First, there must be "complete diversity" between all named plaintiffs and all named defendants, meaning that "no plaintiff may be a citizen of the same state as any defendant." *Altom Transport, Inc. v. Westchester Fire, Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *see also* 28 U.S.C. § 1332(a)(1). Second, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

"When a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue." *United States v. Rachuy,* 743 F.3d 205, 211 (7th Cir. 2014). "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steele Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) (internal quotation omitted). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

The plaintiff shall have **through March 17, 2017,** in which to **show cause** why this action should not be dismissed for lack of subject matter jurisdiction. Failure to respond to this order to show cause will result in the dismissal of the action for lack of jurisdiction without further notice.

Date: 2/16/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES A. KOORSEN, JR.
1440 South 14th Street
Richmond, IN 47374